wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Firetrace USA, LLC, | ) No. CV-07-2001-PHX-ROS |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Lawrence Jesclard, et al., | ) |
| Defendants. | ) |

**Background**

On October 28, 2008, Plaintiff served third-party subpoenas on three of Defendants' vendors (Doc. 320 Ex. A). Each subpoena includes an identical request for production of documents and a notice of deposition. The requested documents are: (1) all communications with Defendants, April 8, 2005 to present; (2) all communications with Defendants' counsel, April 8, 2005 to present; (3) all documents provided to Defendants in connection with any bid; (4) all communications with potential or actual customers of Defendant Hazard Protection Systems (HPS) relating to their business transactions with HPS; (5) all communications with the Small Business Administration relating to Defendants; (6) all communications with the U.S. military relating to Defendants; and (7) all internal communications regarding decisions to provide products or services to Defendants.

1  Pursuant to Federal Rule of Civil Procedure 26, Defendants claim the requested
2  documents are irrelevant, overly burdensome, and impermissibly targeted toward the
3  development of new claims and defenses (Doc. 320 at 2-3). Defendants also claim the
4  request, if deemed relevant, may be executed by Defendants and Plaintiff's service of
5  subpoenas on the third-parties is motivated by harassment (Doc. 320 at 2-3).

6  Plaintiff claims Defendants do not have standing under Rule 26 to object to subpoenas
7  issued to third-parties (Doc. 320 at 4). Plaintiff further claims the requested documents are
8  relevant to establish: (A) a connection between Defendants' profits (including successful
9  federal government bids) and Defendants' violation of Plaintiff's rights; (B) the extent to
10 which Defendants disclosed Plaintiff's confidential information to third-parties; and (C) the
11 extent to which Defendants disclosed information under seal in the current proceedings to
12 third-parties (Doc. 320 at 4-6). Plaintiff further claims it is not discovering documents to
13 generate new claims or defenses and Defendants cannot be trusted to produce documents
14 detrimental to their case (Doc. 320 at 4-5).

**Discussion**

A. Standing

Plaintiff claims Defendants have no standing to challenge subpoenas issued to third-parties because Federal Rule of Civil Procedure 45(c)(3) ("Rule 45") only allows the nonparty target of a subpoena, not a party, to challenge the subpoena's validity. See James Wm. Moore, 9 Moore's Federal Practice § 45.50[3] at 45-79, 80 (3d ed. 2008) ("[When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty," except where the party "claims a personal right or privilege regarding the production or testimony."). Defendants claim Rule 45 is irrelevant because Federal Rule of Civil Procedure 26(c) ("Rule 26") allows a party to challenge all disclosures, regardless of their source, if the requested information exposes the moving party to "annoyance, embarrassment, oppression, or undue burden or expense." This question is unsettled in the Ninth Circuit and Defendants have the better argument.

According to its 1991 Advisory Committee Notes, Rule 45(c)(3) "tracks the provisions of Rule 26(c)." Fed. R. Civ. P. 45. In this way, Rules 45 and 26 are not mutually exclusive, but rather cover the same ground. Under Rule 26(c), a party may move for a protective order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense," regardless of whether the moving party is seeking to prevent disclosure of information by a nonparty, as long as the moving party can tie the protected information to an interest listed in the rule, such as annoyance, embarrassment, etc. Fed. R. Civ. P. 26(c). See also e.g. Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n, 38 F. Supp. 2d 1202, 1206 n.3 (D. Or. 1999), *rev'd on other grounds;* Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). Under Rule 45(c), a party may prevent the disclosure of information by a subpoenaed nonparty if the party "claims a personal right or privilege regarding the production or testimony." Moore, supra at 45-79, 80. See also Jerry T. O'Brien, Inc. v Sec. & Exch. Comm'n, 704 F.2d 1065, 1068 (9th Cir. 1983), *rev'd on other grounds,* ("Barring questions of privilege or other special circumstances," parties "have no right to protect or withhold documents held by a third party."); Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 695 (D. Nev. 1994). The Court reads the interests required for a protective order under Rule 26(c) and the "claim of personal right or privilege" required for a party to challenge a subpoena under Rule 45(c) to be the same. Thus, under either rule a party may prevent the disclosure of information from a nonparty by showing a "claim of personal right or privilege," including information which could expose the moving party to "annoyance, embarrassment, oppression, or undue burden or expense."

B.  Discovery Ruling

Because Defendants do not raise protected interests cognizable under Rules 26(c) and 45(c), the Court finds for Plaintiff and will not issue the requested protective order. The information sought by Plaintiff is relevant, calculated to discover what confidential information Defendants shared with third-parties and how this information was used to secure contracts and profits for Defendants. Contrary to Defendants' assertions, this

- 3 -

1  information is relevant to Plaintiff's existing claims, such as liability on the untried unfair
2  competition claim or damages on the tried breach of contract and misappropriation of trade
3  secrets claims.  While bona fide allegations of harassment could implicate the interests
4  outlined in Rules 26(c) and 45(c), Defendants' allegations are not supported with evidence
5  and, given Defendants' credibility and track record, should not be given much weight.  To
6  address Defendants' harassment concerns, the Court will limit the scope of Plaintiff's
7  document discovery request as future guidance to prevent Plaintiff from over zealously
8  seeking information from Defendants' clients and vendors in future subpoenas. Defendants'
9  final claim, that Defendants should be allowed to produce the requested materials instead of
10 the subpoenaed third parties, is also without merit.  Many of the requested documents do not
11 concern Defendants and would not be in Defendants' possession.

12 Accordingly,

13 **IT IS ORDERED** Plaintiff's October 28, 2008 subpoenas issued to BGF Industries,
14 Inc., Aerial Machine & Tool Corp., and Assemblies Unlimited, Inc. **ARE AFFIRMED**, with
15 the following changes:

16 (3) All documents provided to Lawrence Jesclard, Candice Jesclard, or HPS
17 ("Defendants") in connection with his, her, or its preparation of bids in which the
18 subpoenaed party participated or was asked to participate with Defendants;
19 (4) All communications with actual HPS customers relating to those customers'
20 transactions with HPS.

21 DATED this 8th day of December, 2008.

_____
Roslyn O. Silver
United States District Judge