wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Firetrace USA, LLC, et al., | No. CV-07-2001-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Lawrence Jesclard, et al., | |
| Defendants. | |

## Background

Count II of Plaintiffs' First Amended Complaint alleges that Defendants' Ncase product infringes on various elements of a '145 patent held by Plaintiffs (Doc. 24 at 10). Defendants' Answer pleads a number of affirmative defenses concerning Plaintiffs' patent infringement claim, including the invalidity and non-enforceability of Plaintiffs' patent, among others (Doc. 80 at 10-11). On October 17, 2008, Plaintiffs served Defendants with three contention interrogatories concerning Defendants' affirmative defenses to Plaintiffs' Count II patent allegations:

> 1. "For each claim of the Firetrace Patent that you contend is not infringed by Ncase, explain in detail the basis for your contention . . ."
>
> 2. "For each claim of the Firetrace Patent that you contend is invalid, explain in detail the basis for your contention . . ."

        3. "With respect to each of the affirmative defenses pled by you in your Answer alleging the Firetrace Patent is unenforceable, explain in detail the basis for such affirmative defense . . ." (Doc. 369 Ex. C. at 5-7).

On November 17, 2008, Defendants objected to the three interrogatories, claiming they needed to discover information from Plaintiffs concerning Plaintiffs' patent infringement allegations to adequately describe the factual and legal bases of their affirmative defenses (Doc. 369 Ex. D at 3-4). Defendants also claimed to be in the process of obtaining discovery from third-party sources, which they argued were necessary to describe the legal and factual bases of their affirmative defenses (Doc. 369 Ex. D. at 4). Plaintiffs now seek to compel Defendants' response to the three contention interrogatories within five days of issuance of the Court's Order (Doc. 369 at 4).

## Discussion

**Interrogatory 3**

Defendants concede waiver of any affirmative defense concerning the non-enforceability of Plaintiffs' patent (Doc. 369 at 4). The issue is moot.

**Interrogatory 1**

Defendants concede they will properly respond to Plaintiffs' first interrogatory within twenty days of December 22, 2008 (Doc. 369 at 4). According to Defendants, Plaintiffs provided them with requested information concerning Plaintiffs' patent infringement allegations on December 22, 2008 (Doc. 369 at 4; Ex. I). Defendants argue that Plaintiffs' December 22 submission was critical to their interrogatory response and thus a twenty-day response period, beginning December 22, is appropriate. The parties appear to be resolving this issue on their own and the Court will order Defendants' to respond by January 16, 2009.

**Interrogatory 2**

Defendants argue that they cannot answer Plaintiffs' second interrogatory because "[d]iscovery related to plaintiffs' patent claim is still very preliminary and plaintiffs' demand for defendants' contentions regarding [their affirmative defenses] is premature" (Doc. 369 at 4). Defendants cite a recent unpublished decision from the District of Nebraska to support the dual argument that (1) Plaintiffs have not met their burden to justify the contention interrogatory and (2) the Court should exercise its discretion and defer Defendants' response to the contested second interrogatory, pending further discovery, to protect Defendants from "being hemmed into fixing [their] position without adequate information" (Doc. 369 at 5) (internal citation omitted). See Vishay Dale Elecs., Inc. v. Cyntec Co., Ltd., 2008 WL 4868772, *4-*6 (D. Neb. 2008).

Defendants' first proposition has no basis in the text of Federal Rule of Civil Procedure 33 ("Rule 33 ") or elsewhere in the Federal Rules. Although some district courts have placed the burden of justifying a contention interrogatory on the movant, the Court finds the logic applied by its sister-circuit courts in California, and their reading of Rule 33, more persuasive. These courts, like the text of Rule 33, do not meaningfully distinguish between contention and other types of interrogatories, placing the burden on the objector not the movant, for all interrogatories. See e.g. Molski v. Franklin, 222 F.R.D. 433, 435 (S.D. Cal. 2004) ("The party opposing the discovery, whether contention or fact interrogatories, has the burden to justify not responding to those interrogatories."); Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650-52 (C.D. Cal.1997) (same).

Defendants' second proposition, while it has some foundation in the text of Rule 33, is also unconvincing. Defendants are correct that Rule 33(a)(2) allows a trial court to defer a party's response to a contention interrogatory until the completion of any discovery that would help that party formulate its response. See Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, *but the court may order* that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.") (emphasis added). Although the Court does have the authority to defer Defendants'

1  response to Plaintiffs' second interrogatory, Defendants have not convincingly argued that
2  the Court should exercise its discretion in this way.

3        Logic adopted by the Court's sister-districts in California counsels against deferral of
4  a contention interrogatory response under Rule 33(a)(2) by incorporating Federal Rule of
5  Civil Procedure 11 ("Rule 11") into the analysis, a rule which requires that all federal court
6  submissions include only non-frivolous legal arguments and factual assertions based on
7  evidentiary support. Fed. R. Civ. P. 11(b)(2)-(3). According to this logic, Defendants, who
8  asserted affirmative defenses in their Answer, must have contemplated a Rule 11 basis in law
9  or fact when they asserted these defenses and should be required to reveal this Rule 11 basis,
10 as well as other presently-known facts on the matter, when responding to Plaintiffs'
11 contention interrogatory, regardless of how much discovery has transpired. See e.g. U.S. ex
12 rel. O'Connell v. Chapman Univ., 245 F.R.D. 646, 649 (C.D. Cal. 2007) ("Requiring a party
13 to answer contention interrogatories is 'consistent with Rule 11 of the Federal Rules of Civil
14 Procedure, [which requires that] plaintiffs must have some factual basis for the allegations
15 in their complaint....'") (citing In re One Bancorp Sec. Litig., 134 F.R.D. 4, 8 (D. Me.1991));
16 U.S. v. Boyce, 148 F. Supp.2d 1069, 1086 (S.D. Cal. 2001) (same).

17       Defendants argue that requiring them to answer a contention interrogatory before
18 discovery is substantially complete will force them to flesh out their affirmative defenses
19 prematurely and limit their arguments at trial. However, this argument "is misplaced in that,
20 among other things, the trial court may permit the withdrawal or amendment of an answer
21 to an interrogatory." Cable & Computer Tech., 175 F.R.D. at 651; see also Advisory
22 Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) (incorporated into current Rule
23 33(a)(2)) (The fact that an interrogatory may require a party to respond with a contention
24 "does not affect the power of a court to permit withdrawal or amendment of answers to
25 interrogatories" and thus will not bind the party to its response). Moreover, Plaintiffs
26 concede that "they are seeking only the presently-known facts that support [Defendants']
27 various defenses" and admit that "these interrogatories could not be used to preclude
28 [D]efendants from offering later-discovered facts" (Doc. 369 at 3).

Because neither of Defendants' arguments is convincing, the Court will rule in Plaintiffs' favor, requiring Defendants to respond to the second interrogatory with whatever Rule 11 basis they had relied upon when they submitted their pleading, as well as any additional presently-known facts, and do so within five days. If Defendants cannot identify a non-frivolous basis for asserting their affirmative defenses, their Answer to Plaintiffs' complaint violated Rule 11, and those affirmative defenses will be waived.

Accordingly,

**IT IS ORDERED** Defendants will respond to the First Interrogatory from Plaintiffs' Second Set of Non-Uniform Interrogatories To Defendants, dated October 17, 2008, **NO LATER THAN FRIDAY JANUARY 16TH, 2009**.

**FURTHER ORDERED** Defendants will respond to the Second Interrogatory from Plaintiffs' Second Set of Non-Uniform Interrogatories To Defendants, dated October 17, 2008, **WITHIN FIVE DAYS OF PUBLICATION OF THIS ORDER**.

DATED this 9th day of January, 2009.

Roslyn O. Silver
United States District Judge