wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Firetrace USA, LLC, et al., | No. CV-07-02001-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Candice Jesclard, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order granting in part Defendants' motion for partial summary judgment. For the reasons discussed, the Motion will be denied.

**BACKGROUND**

In the Court's Order resolving Defendants' motion for partial summary judgment, the Court ruled that Plaintiffs' common law tort claims are preempted by the Arizona Uniform Trade Secrets Act ("AUTSA") to the extent they are based on misappropriation of information. The Court ruled that the common law tort claims are not entirely preempted because they are also based on other wrongful acts allegedly committed by Defendant Lawrence Jesclard. Plaintiffs identified the following alleged wrongful acts, committed by Mr. Jesclard, as forming an additional factual basis for their tort claims: (1) he initiated his plan to develop a competing product, (2) concealed a request from a customer for a "blanket-type" product, and (3) discussed with a potential Firetrace customer the limitations of the

Firetrace product, and failed to share those observations with Firetrace. Other than misappropriation of information related allegations, Plaintiffs did not allege any other wrongful conduct, by Mr. Jesclard or other Defendants in this action, as a basis for their common law tort claims.

**STANDARD**

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration of a judgment "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *380 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Local Rule of Civil Procedure 7.2(g) similarly instructs the Court to deny reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."

**DISCUSSION**

**I. Unjust Enrichment Claim**

The Court granted summary judgment to Defendants on Plaintiffs' unjust enrichment claim because a contract governed the relationship between Mr. Jesclard and Plaintiffs. The Court stated:

> Where "there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 19071 (Ariz. 1976). As discussed above, all of the wrongful acts Plaintiffs allege Mr. Jesclard committed were expressly governed by his employment contract with Firetrace. The unjust enrichment claim is therefore barred.

Plaintiffs move for reconsideration on the ground that the unjust enrichment claim was asserted against all Defendants, and no contract governed Plaintiffs' relationship with Defendants Hazard Protection Systems, Inc. ("HPS") and Candice Jesclard. Unjust enrichment occurs when "one party has and retains money or benefits that in justice and equity belong to another" and a different legal remedy is lacking. *Trustmark Ins. Co. v. Bank*

1  *One, Arizona, NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002). Plaintiffs did not allege any
2  wrongful acts committed by or benefits conferred on HPS and Candice Jesclard as a basis
3  for their unjust enrichment claim. As the Court stated in its Order, all of the alleged wrongful
4  acts and benefits received that formed the basis for the unjust enrichment claim (that were
5  not preempted by the AUTSA) were expressly governed by Mr. Jesclard's employment
6  contract. Plaintiffs only alleged, in other words, that Defendants HPS and Candice Jesclard
7  are liable for unjust enrichment based on acts committed and benefits received by Mr.
8  Jesclard. Plaintiffs do not dispute the Court's finding that these acts and benefits were all
9  expressly governed by Mr. Jesclard's employment contract, and the unjust enrichment claim
10 only arises from obligations imposed by that contract. For the purpose of determining
11 whether the employment contract precludes the unjust enrichment claim against HPS and
12 Candice Jesclard, these Defendants thus step into the shoes of Mr. Jesclard. Reconsideration
13 of summary judgment on the unjust enrichment claim will therefore be denied.

## II. Breach of Contract and Trade Secret Misappropriation

The Court granted Defendants summary judgment on the breach of contract and trade secret misappropriation claims because Plaintiffs failed to show sufficient evidence of proximately caused damages. Plaintiffs argue the Court erred because under Arizona law they may recover nominal damages for a breach of contract claim. Plaintiffs quote *Kain v. Arizona Copper Co.*, 133 P. 412, 414 (Ariz. 1913) (quoting *Aachen & Munich Fire Ins. Co. v. Morton*, 156 F. 654 (6th Cir. 1907), for the proposition that they are entitled to nominal damages: "If an act occurs, whether it be a breach of contract or duty which one owes another or the happening of a wrong, whether willful or negligent, by which one sustains an injury, however slight, for which the law gives a remedy . . . That nominal damages would be recoverable for the breach of the wrong is enough."

*Kain* does not support Plaintiffs' position that they are not required to show a proximately caused injury in order to recover on a breach of contract claim, and in fact does just the opposite. The court expressly stated that nominal damages are only available on a

1 contract claim where "one sustains an injury, however slight . . ." *Id.* Although nominal are
2 available in a breach of contract action, in order to recover one must show at least some
3 resulting injury. *See Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) ("It
4 is well established that, in an action based on breach of contract, the plaintiff has the burden
5 of proving the existence of a contract, breach of the contract, and **resulting damages**.")
6 (emphasis added); *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975) ("To bring an action
7 for the breach of the contract, the plaintiff has the burden of proving the existence of the
8 contract, its breach and the **resulting damages**.") (emphasis added). Nominal damages are
9 awarded where actual damages are slight or difficult to calculate. But the availability of
10 nominal damages does not eliminate the requirement that Plaintiffs show they have suffered
11 (or will suffer) an injury some kind. *See Kain,* 133 P. 412.

12        Plaintiffs further argue they provided sufficient evidence to show they were
13 proximately injured by the breach of contract and misappropriation of trade secrets. Local
14 Rule of Civil Procedure 7.2(g) requires a party moving for reconsideration to "point out with
15 specificity the matters that the movant believes were overlooked or misapprehended by the
16 Court . . . ." Plaintiffs point to evidence that Mr. Jesclard disclosed "certain testing
17 information" about the FIRE Panel, "including certain tolerances and the reaction of FIRE
18 Panel during certain testing events." (Doc. 606 at 4). Plaintiffs argue that because
19 Defendants ultimately developed a competing product in much less time than it took
20 Firetrace, it can be inferred that Defendants use of Firetrace testing information was a
21 proximate cause of Defendants' development of a competing product. Plaintiffs also point
22 to evidence that HPS was awarded a government contract for a price that was lower than
23 Firetrace's confidential costs of production, which were wrongfully disclosed by Mr.
24 Jesclard. Plaintiffs argue a jury could infer from this that Mr. Jesclard's disclosure of

Firetrace's costs proximately caused HPS to obtain the contract. Other than these two forms of evidence, Plaintiffs do not identify anything else purportedly overlooked by the Court.[1]

Plaintiffs fail to show the Court erred in concluding that Plaintiffs failed to submit sufficient evidence they were injured as a *proximate* consequence of Defendants' breach of contract and misappropriation of information. The proximate cause of an injury is defined in Arizona as "that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and *without which the injury would not have occurred.*" *Saucedo ex. re. Sinaloa v. Salvation Army*, 24 P.3d 1274, 1278 (Ariz. Ct. App. 2001) (emphasis added). To have proximately caused an injury, the wrongful conduct must be a "*substantial factor* in bringing about the harm." *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 343 (Ariz. Ct. App. 1997) (emphasis added). The Court found Mr. Jesclard misappropriated and improperly disclosed information about tests of the FIRE Panel. Plaintiffs argue this fact, by itself, is enough to infer Defendants were able to develop a competing product as a proximate result. The Court disagrees. Plaintiff has not shown any evidence (or offered any explanation) to show Defendants would have been unable to develop a competing product absent the disclosure of the "certain testing information" at issue. With no other evidence of causation, a reasonable juror could not find Defendants would have been unable to develop a competing product in the absence of the disclosed information. The only injuries Plaintiffs claim to have suffered, it must be emphasized, is that Defendants developed a competing product and were awarded a government contract. Plaintiffs have not explained why Defendants would have been unable to develop a competing product absent the testing information, and thus fail to show but-for causation, let-alone that the information was a "substantial factor" in Defendants' ability to develop the

---

[1] Plaintiffs argue "[t]hese facts and others presented at summary judgment create an issue of fact . . . ." (Doc. 606 at 5). As noted, LRCiv 7.2(g) requires a party seeking reconsideration to point out with specificity the matters that were overlooked by the Court. Plaintiffs' vague reference to other facts does not comport with the Local Rule.

product. Plaintiffs state in a conclusory manner that it can be inferred that Defendants used the information because they were able to develop a competing product in a short amount of time. Without further explanation as to why this inference must be made, or some evidence to support it, Plaintiffs have not met their burden of making a minimal showing that they were proximately injured by Mr. Jesclard's disclosure of testing information.

Plaintiffs also argue Defendants successfully bid for and obtained a contract at a price that was lower than Firetrace's costs of manufacturing. From this Plaintiffs argue it can be inferred that Mr. Jesclard's disclosure of Firetrace's costs was a proximate cause of Defendants' ability to obtain the contract. In their response to Defendants' motion for partial summary judgment, Plaintiffs presented no evidence to support this inference. Plaintiffs now allege, without citation to supporting evidence in the record, that the government announced during the bid competition that price was the dispositive factor. Plaintiffs do not explain why they could not have brought this to the Court's attention earlier, along with a citation to evidence to support it. Plaintiffs presented no grounds upon which a reasonable juror could infer that Mr. Jesclard's disclosure of Firetrace's costs was a proximate or even but-for cause of Defendants' acquiring a contract.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 606) **IS DENIED.**

DATED this 3rd day of September, 2010.

_____
Roslyn O. Silver
United States District Judge